IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-52

 No. COA 21-77

 Filed 1 February 2022

 Wake County, No. 19 CVS 11321

 KELLY ALEXANDER, Jr., DONALD R. CURETON, Jr., ALICIA D. BROOKS,
 KIMBERLY Y. BEST, LAURENE L. CALLENDER, and LATRICIA H. WARD,
 Plaintiffs,

 v.

 NORTH CAROLINA STATE BOARD OF ELECTIONS, STELLA ANDERSON, JEFF
 CARMON III, STACY EGGERS IV, WYATT T. TUCKER, Sr., DAMON CIRCOSTA,
 KAREN BRINSON BELL, PHILLIP E. BERGER, and TIMOTHY K. MOORE (all in
 official capacities only), Defendants.

 Appeals by plaintiffs from order entered 25 September 2020 and by defendants

 from order entered 23 November 2020 by Judges Wayland J. Sermons, Jr., Lora C.

 Cubbage, and R. Gregory Horne in Wake County Superior Court. Heard in the Court

 of Appeals 3 November 2021.

 Higgins Benjamin, PLLC, by Robert Neal Hunter, Jr., for Plaintiffs.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Paul M.
 Cox, for State Board Defendants.

 Ogletree Deakins Nash Smoak & Stewart P.C., by Thomas A. Farr, for
 Legislative Defendants.

 CARPENTER, Judge.

¶1 Kelly Alexander, et al., (“Plaintiffs”) appeal pursuant to N.C. Gen. Stat. § 7A-
 ALEXANDER V. NC STATE BOARD OF ELECTIONS

 2022-NCCOA-52

 Opinion of the Court

 27 from an order of a three-judge panel in Wake County Superior Court dismissing

 Plaintiffs’ claims as moot. On appeal, Plaintiffs argue their claims are not moot or,

 in the alternative, that their claims fall into the public interest and “capable of

 repetition, yet evading review” exceptions to mootness. The North Carolina State

 Board of Elections, et al., (“Defendants”) appeal pursuant to N.C. Gen. Stat. § 7A-

 27(b)(3)(c) (2019) from an order granting Plaintiffs attorney’s fees. On appeal,

 Defendants argue the three-judge panel did not have jurisdiction to grant the award

 or, in the alternative, that Plaintiffs do not qualify as a prevailing party under 42

 U.S.C. § 1988. After careful review, we affirm the three-judge panel’s dismissal of

 Plaintiffs’ claims as moot and hold the claims do not meet any exceptions to the

 mootness doctrine. We agree with Defendants’ contention the three-judge panel

 lacked jurisdiction to grant Plaintiffs’ request for attorney’s fees, and we vacate and

 remand this order.

 I. Factual and Procedural Background

¶2 In 2018, the North Carolina General Assembly enacted a law that converted

 district court judicial elections in Mecklenburg County from countywide to district-

 based elections. See S.L. 2018-14 § 2(a). The law divided Mecklenburg County into

 eight districts, and the county’s twenty-one district court seats were allocated

 amongst these eight electoral districts. Id. Previously, all twenty-one seats were

 filled through a single countywide election. The law also divided Wake County into
 ALEXANDER V. NC STATE BOARD OF ELECTIONS

 2022-NCCOA-52

 Opinion of the Court

 districts for district court judicial elections; however, no challenge was raised to that

 portion of the law.

¶3 Plaintiffs, at time of filing, were: two district court judges, a former district

 court judge, a member of the General Assembly, and two voters. All Plaintiffs resided

 in Mecklenburg County. The complaint named as defendants the Governor of North

 Carolina (“Governor”), the North Carolina State Board of Elections and its appointed

 members, the Speaker of the North Carolina House of Representatives, and the

 President Pro Tempore of the North Carolina Senate (collectively, “Defendants”). The

 Governor and Defendants moved to dismiss the claims against them. The trial court

 granted the Governor’s motion to dismiss and denied Defendants’ motions in an order

 entered on 18 November 2019. The trial court’s order also transferred the case to a

 three-judge panel in Wake County Superior Court pursuant to N.C. Gen. Stat. § 1-

 267.1 and Rule 42(b)(4) of the North Carolina Rules of Civil Procedure.1

¶4 On 20 November 2019, Plaintiffs moved for a temporary restraining order

 seeking to enjoin operation of S.L. 2018-14 § 2(a) during candidate filing, set to begin

 on 2 December 2019, in anticipation of the 2020 general election. The three-judge

 panel held a hearing on Plaintiffs’ motion on 22 November 2019. Following the

 1 When a trial court transfers a facial challenge raised as to the validity of a statute

 to a three-judge panel sitting in Wake County Superior Court, the trial court retains
 jurisdiction of all other collateral matters pending resolution of the facial challenge. See N.C.
 R. Civ. P. 42(b)(4) (2019).
 ALEXANDER V. NC STATE BOARD OF ELECTIONS

 2022-NCCOA-52

 Opinion of the Court

 hearing, the parties entered an agreement to temporarily suspend the operation of

 the law during the 2020 general election cycle, and the three-judge panel entered a

 consent order formalizing the agreement on 27 November 2019.

¶5 On 1 July 2020, the General Assembly repealed the challenged law. See S.L.

 2020-84, § 2. In response, on 13 July 2020, the three-judge panel ordered the parties

 to submit briefs detailing what issues, if any, remained in the matter. On 11 August

 2020, Plaintiffs moved for summary judgment, seeking a declaratory judgment

 stating the repealed law had been unlawful. On 21 August 2020, Plaintiffs moved to

 tax costs and fees against Defendants. Defendants submitted briefs arguing

 Plaintiffs’ claims were moot. On 25 September 2020, the three-judge panel entered

 an order denying the motion for declaratory judgment and dismissing Plaintiffs’

 claims as moot but reserving the issue of attorney’s fees. Plaintiffs filed written notice

 of appeal on 23 October 2020. On 23 November 2020, the three-judge panel entered

 an order granting Plaintiffs’ motion for attorney’s fees and costs in the amount of

 $165,114.44. Defendants filed notice of appeal.

 II. Jurisdiction

¶6 Plaintiffs appeal from a final order dismissing their claims as moot pursuant

 to N.C. Gen. Stat. § 7A-27 (2019). Defendants appeal from an order awarding

 attorney’s fees, pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2019) or, in the alternative,

 N.C. Gen. Stat. § 7A-27(b)(3)(c).
 ALEXANDER V. NC STATE BOARD OF ELECTIONS

 2022-NCCOA-52

 Opinion of the Court

¶7 Plaintiffs argue the three-judge panel’s order awarding attorney’s fees is

 interlocutory and does not affect a substantial right, thereby rendering Defendants’

 appeal improper. Defendants argue the order granting attorney’s fees is final, as it

 resolved the only outstanding matter left in the case or, alternatively, if held to be

 interlocutory, the order affects a substantial right. We disagree with Plaintiffs and

 find the order is not interlocutory having resolved the issue of attorney’s fees, the sole

 remaining issue between the parties. We therefore deny Plaintiffs’ motion to dismiss

 Defendants’ cross appeal.

¶8 An order is interlocutory if it does not determine the issues but directs some

 further proceeding preliminary to a final decree. Waters v. Qualified Pers., Inc., 294

 N.C. 200, 207, 240 S.E.2d 338, 343 (1978). Moreover, “an order that completely

 decides the merits of an action constitutes a final judgment for purposes of appeal

 even when the trial court reserves for later determination collateral issues such as

 attorney’s fees and costs.” In re Cranor, 247 N.C. App. 565, 568-69, 786 S.E.2d 379,

 382 (2016) (quoting Duncan v. Duncan, 366 N.C. 544, 546, 742 S.E.2d 799, 801

 (2013)).

¶9 The three-judge panel’s 25 September 2020 order reserved the issue of

 attorney’s fees and determined all other matters were moot. By making a final

 determination on the merits of the case on 25 September 2020, the three-judge panel

 entered a final judgment. See In re Cranor, 247 N.C. App. at 568-69, 786 S.E.2d at
 ALEXANDER V. NC STATE BOARD OF ELECTIONS

 2022-NCCOA-52

 Opinion of the Court

 382. Reserving a collateral issue, such as attorney’s fees, for a later determination

 does not affect the finality of the judgment on the merits. See id. at 568-69, 786 S.E.2d

 at 382. The issue of attorney’s fees was the only issue outstanding after the 25

 September 2020 order was entered. The three-judge panel’s grant of Plaintiffs’

 motion for attorney’s fees was not an interlocutory order, as no issue was left to be

 determined by further proceedings. See Waters, 294 N.C. at 207, 240 S.E.2d at 343.

 As the sole remaining issue, the panel’s determination on attorney’s fees left nothing

 else to be determined. As such, the order is not interlocutory, and is therefore

 appealable as a final order pursuant to N.C. Gen. Stat. § 7A-27.

 III. Issues

¶ 10 The issues on appeal are whether the three-judge panel erred by: (1) dismissing

 Plaintiffs’ claims as moot, and (2) awarding Plaintiffs attorney’s fees.

 IV. Standard of Review

¶ 11 The issue of whether a trial court properly dismissed a case as moot is reviewed

 de novo. Cumberland Cnty. Hosp. Sys., Inc. v. N.C. Dep’t of Health & Human Servs.,

 242 N.C. App. 524, 528, 776 S.E.2d 329, 332 (2015). “Under a de novo review, the

 court considers the matter anew and freely substitutes its own judgment for that of

 the lower tribunal.” State v. Williams, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294

 (2008) (internal quotation marks and citation omitted). Likewise, we review the

 award of attorney’s fees de novo. Free Spirit Aviation, Inc. v. Rutherford Airport
 ALEXANDER V. NC STATE BOARD OF ELECTIONS

 2022-NCCOA-52

 Opinion of the Court

 Auth., 206 N.C. App. 192, 201, 696 S.E.2d 559, 566 (2010).

 V. Analysis

 A. Mootness

¶ 12 Plaintiffs argue the three-judge panel erred by dismissing their claims, as the

 claims were not moot or were within an exception to the mootness doctrine. For the

 following reasons, we disagree with Plaintiffs’ contention their claims were not moot

 or were excepted from the bar of the mootness doctrine.

¶ 13 “That a court will not decide a ‘moot’ case is recognized in virtually every

 American jurisdiction.” In re Peoples, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978).

 Whenever, during the course of litigation . . . the relief
 sought has been granted or . . . questions originally in
 controversy between the parties are no longer at issue, the
 case should be dismissed, for courts will not entertain or
 proceed with a cause merely to determine abstract
 propositions of law.

 Id. at 147, 250 S.E.2d at 912.

¶ 14 Under North Carolina law, mootness is not a matter of jurisdiction, but is

 instead a “prudential limitation on judicial power.” Comm. to Elect Dan Forest v.

 Emps. Pol. Action Comm., 376 N.C. 558, 2021-NCSC-6, ¶ 29. In other words, it is “a

 form of judicial restraint.” Id. at ¶ 65 n.39 (quoting Peoples, 296 N.C. at 147, 250

 S.E.2d at 912). Our Supreme Court “consistently has refused to consider an appeal

 raising grave questions of constitutional law where . . . the cause of action had been
 ALEXANDER V. NC STATE BOARD OF ELECTIONS

 2022-NCCOA-52

 Opinion of the Court

 destroyed so that the questions become moot.” Hoke Cty. Bd. of Educ. v. State, 367

 N.C. 156, 159, 749 S.E.2d 451, 454 (2013) (internal quotations omitted). Specifically,

 when “the General Assembly revises a statute in a material and substantial manner,

 with the intent to get rid of a law of dubious constitutionality, the question of the act’s

 constitutionality becomes moot.” Id. at 159, 749 S.E.2d at 454 (internal quotations

 omitted).

¶ 15 There are, however, limited exceptions to the mootness doctrine. “Even if moot

 . . . this Court may, if it chooses, consider a question that involves a matter of public

 interest, is of general importance and deserves prompt resolution.” N.C. State Bar v.

 Randolph, 325 N.C. 699, 701, 386 S.E.2d 185, 186 (1989). In addition, a court may

 proceed under the “capable of repetition, yet evading review” exception. Calabria v.

 N.C. State Bd. of Elections, 198 N.C. App. 550, 555-56, 680 S.E.2d 738, 744 (2009).

 Two elements are required for the capable of repetition, yet
 evading review” exception to the mootness doctrine to
 apply: (1) the challenged action [is] in its duration too short
 to be fully litigated prior to its cessation or expiration, and
 (2) there is a reasonable expectation that the same
 complaining party would be subjected to the same action
 again.

 Id. at 555-56, 680 S.E.2d at 744 (internal citations and quotations omitted).

¶ 16 Here, the original question in controversy, whether the judicial districts in

 Mecklenburg County were constitutional, was addressed when the General Assembly

 repealed that portion of the law and reverted to countywide elections in Mecklenburg
 ALEXANDER V. NC STATE BOARD OF ELECTIONS

 2022-NCCOA-52

 Opinion of the Court

 County. See S.L. 2020-84, § 2. Likewise, Plaintiffs’ request for dissolution of the

 judicial districts was also granted by the repeal. See id. Plaintiffs’ argument that

 declaratory relief should be granted to put the General Assembly on notice is

 unpersuasive considering precedent clearly states the actions taken by the General

 Assembly render discussion of the repealed law’s constitutionality moot. See Hoke,

 367 N.C. at 159, 749 S.E.2d at 454. Therefore, the three-judge panel properly found

 Plaintiffs’ claims to be moot.

¶ 17 Plaintiffs further contend that even if the claims are moot, this Court should

 reverse the three-judge panel’s order because their claims fall within the public

 interest and “capable of repetition, yet evading review” exceptions to the mootness

 doctrine.

¶ 18 First, Plaintiffs argue the public interest exception applies because voter laws

 are important to the North Carolina public and have been litigated several times in

 recent years. Plaintiffs primarily rely on the reasoning of Chavez v. McFadden, a

 case decided by the North Carolina Supreme Court where the Court held the public

 interest exception was applicable, in part, because immigration laws had “become the

 subject of much debate in North Carolina in recent years.” Chavez v. McFadden, 374

 N.C. 458, 468, 843 S.E.2d 139, 147 (2020). In Chavez, however, the parties all agreed

 the issue was moot by virtue of the petitioners’ transfer from state law enforcement

 to federal immigration custody enforcement. Id. at 468, 843 S.E.2d at 147. Although
 ALEXANDER V. NC STATE BOARD OF ELECTIONS

 2022-NCCOA-52

 Opinion of the Court

 no relief could be provided for either petitioner, the Court reasoned there was a dire

 public interest because the policies underlying the controversy were still in effect,

 more individuals would be subjected to the same conditions as petitioners, and

 immigration laws were a hotly discussed subject at the time. Id. at 468, 843 S.E.2d

 at 147. As such, the Court in Chavez held that, due to public interest, it would

 address the ongoing debate surrounding the policies. Id. at 468, 843 S.E.2d at 147.

¶ 19 Presently, however, there is no underlying controversy between Plaintiffs and

 Defendants and no risk of further claims arising as the law in question has been

 repealed. See S.L. 2020-84, § 2. See also Cape Fear River Watch v. N.C. Envtl, Mgmt.

 Comm’n, 368 N.C. 92, 100, 772 S.E.2d 445, 450. Moreover, even where there may be

 grave issues of constitutional concern, this Court will not except a case from the

 mootness doctrine solely to render an advisory opinion. See Hoke, 367 N.C. at 159,

 749 S.E.2d at 454. This is particularly the case where the General Assembly has

 acted to address those constitutional concerns. Id. at 159, 749 S.E.2d at 454.

 Therefore, we decline to address Plaintiffs’ claims under the public interest exception.

¶ 20 Plaintiffs next argue the “capable of repetition, yet evading review” exception

 applies to their claims, despite conceding they may not “technically meet the

 standards” of this exception. In order to meet this exception, Plaintiffs must show

 the duration of litigation was too short to be fully litigated, and there is a reasonable

 expectation the same complaining party will be subjected to the same action again.
 ALEXANDER V. NC STATE BOARD OF ELECTIONS

 2022-NCCOA-52

 Opinion of the Court

 See Calabria, 198 N.C. App. at 555-56, 680 S.E.2d at 744. Here, regardless of the

 duration of litigation, there is no reasonable expectation the same complaining party

 will be subjected to the same action because the law has been repealed, and the

 judicial districts have been completely dissolved. See S.L. 2020-84, § 2; see also

 Calabria, 198 N.C. App. at 557, 680 S.E.2d at 745 (holding legislative changes to the

 underlying applicable law rendered the possibility of repetition outside of a

 reasonable expectation and found the “capable of repetition, yet evading review”

 exception inapplicable). Although judicial districts exist in other jurisdictions,

 Plaintiffs are all located in Mecklenburg County, and Plaintiffs’ claims relate only to

 judicial districts in Mecklenburg County. Therefore, we find the “capable of

 repetition, yet evading review” exception to the mootness doctrine inapplicable.

¶ 21 The three-judge panel properly found Plaintiffs’ claims to be moot, as the

 General Assembly repealed the Mecklenburg County judicial districts. The three-

 judge panel also properly found no exception to the mootness doctrine. Therefore, we

 affirm the three-judge panel’s dismissal of Plaintiffs’ claims as moot.

 B. Attorney’s Fees

¶ 22 Defendants argue the three-judge panel erred when it awarded Plaintiffs

 attorney’s fees and costs associated with litigation because the three-judge panel

 lacked jurisdiction to enter the award or, alternatively, Plaintiffs were not entitled to

 attorney’s fees. We agree with Defendants’ contention the three-judge panel lacked
 ALEXANDER V. NC STATE BOARD OF ELECTIONS

 2022-NCCOA-52

 Opinion of the Court

 jurisdiction to enter the award. As such, we do not reach the issue of whether

 Plaintiffs would have been entitled to attorney’s fees had jurisdiction been proper.

¶ 23 North Carolina law provides, “any facial challenge to the validity of an act of

 the General Assembly shall be transferred pursuant to [N.C. Gen. Stat. §] 1A-1, Rule

 42(b)(4), to the Superior Court of Wake County and shall be heard and determined

 by a three-judge panel.” N.C. Gen. Stat. § 1-267.1(a)(1) (2019). Rule 42(b)(4) states

 in relevant part,

 [p]ursuant to [N.C. Gen. Stat. §] 1-267.1, any facial
 challenge to the validity of an act of the General Assembly
 . . . shall be heard by a three-judge panel in the Superior
 Court of Wake County . . . [t]he court in which the action
 originated shall maintain jurisdiction over all matters
 other than the challenge to the act’s facial validity.

 N.C. Gen. Stat. § 1A-1, Rule 42(b)(4) (2019).

¶ 24 Once the facial challenge is transferred,

 [t]he original court shall stay all matters that are
 contingent upon the outcome of the challenge to the act’s
 facial validity pending a ruling on that challenge and until
 all appeal rights are exhausted. Once the three-judge
 panel has ruled and all appeal rights have been exhausted,
 the matter shall be transferred or remanded to the three-
 judge panel or the trial court in which the action originated
 for resolution of any outstanding matters, as appropriate.

 Id.

¶ 25 “A facial challenge is an attack on a statute itself as opposed to a particular

 application.” Holdstock v. Duke Univ. Health Sys., 270 N.C. App. 267, 272, 841 S.E.2d
 ALEXANDER V. NC STATE BOARD OF ELECTIONS

 2022-NCCOA-52

 Opinion of the Court

 307, 311 (2020) (quoting City of Los Angeles v. Patel, 576 U.S. 409, 415, 192 L. Ed. 2d

 435, 443, 135 S. Ct. 2443 (2015)). Complaints alleging broad constitutional violations

 constitute facial challenges. Id. at 272, 841 S.E.2d at 311.

¶ 26 Here, the trial court, after granting the Governor’s motion and denying

 Defendants’ motions to dismiss, transferred the case to the three-judge panel because

 Plaintiffs’ complaint raised facial challenges to an act of the General Assembly. See

 N.C. Gen. Stat. §§ 1-267.1; 1A-1, Rule 42(b)(4) (2019). Upon transfer, the trial court

 stayed all matters contingent upon the facial challenge pending resolution by the

 three-judge panel and exhaustion of all appeals. See Holdstock, 270 N.C. App. at 272,

 841 S.E.2d at 311. See also N.C. Gen. Stat. §1A-1, Rule 42(b)(4) (2019). As such,

 when the trial court transferred the case to the three-judge panel, it transferred only

 the facial challenge to the validity of the law, which stayed any attorney’s fees issue

 until final resolution of the constitutional challenge. The issue of attorney’s fees and

 costs is contingent on the outcome of the three-judge panel and any available appeals.

 See Holdstock, 270 N.C. App. at 272, 841 S.E.2d at 311.

¶ 27 Because the trial court retained jurisdiction over the issue of attorney’s fees,

 the three-judge panel did not have the authority to award Plaintiffs attorney’s fees.

 See Holdstock, 270 N.C. App. at 272, 841 S.E.2d at 311. See also N.C. Gen. Stat. §

 1A-1, Rule 42(b)(4). Therefore, the three-judge panel erred in awarding Plaintiffs

 attorney’s fees. As such, we do not reach the issue of whether Plaintiffs would have
 ALEXANDER V. NC STATE BOARD OF ELECTIONS

 2022-NCCOA-52

 Opinion of the Court

 been entitled to attorney’s fees had jurisdiction been proper, and instead vacate the

 three-judge panel’s order awarding attorney’s fees and remand to the trial court for

 a determination of this issue.

 VI. Conclusion

¶ 28 We disagree with Plaintiffs’ argument the three-judge panel erred in finding

 their claims moot without exception. The underlying controversy, by act of the

 General Assembly, was resolved, and Plaintiffs effectively received the relief sought.

 We agree with Defendants’ argument the three-judge panel lacked jurisdiction to

 award attorney’s fees to Plaintiffs. When the trial court transferred the facial

 challenge to the three-judge panel, it retained jurisdiction over the attorney’s fees

 pending final resolution of the facial challenge. Therefore, the three-judge panel was

 without jurisdiction to award attorney’s fees. We remand to the trial court to

 determine the issue of whether Plaintiffs are entitled to attorney’s fees. Should the

 trial court determine Plaintiffs are not entitled to attorney’s fees, it will issue an order

 consistent with that determination. Should the trial court determine Plaintiffs are

 entitled to attorney’s fees, it will also determine the amount of reasonable attorney’s

 fees Plaintiffs are entitled to recover.

 AFFIRMED IN PART, VACATED AND REMANDED IN PART.

 Judges COLLINS and HAMPSON concur.